# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES ASHFORD | CIVIL ACTION |
| VERSUS | NO. 12-87 |
| MARLIN GUSMAN, ET AL. | SECTION "J"(1) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, James Ashford, a state pretrial detainee, filed this civil action against Orleans Parish Sheriff Marlin Gusman, Sgt. Ruiz, Officer Taylor, and Officer Connery. In this lawsuit, plaintiff claims that the conditions of his confinement are unconstitutional.

In order to better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on February 7, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At the Spears hearing, plaintiff testified that his cell is polluted with human feces, urine, and mildew as a result of daily plumbing problems which cause the toilet to overflow. Prison staff members do not clean the cells. Although the prisoners continually ask for cleaning supplies to do the work themselves, they are given such supplies very rarely, approximately only once for every thirteen requests. Plaintiff stated that the same conditions and problems exist in the showers. He further stated that these conditions existed both while he was incarcerated on the tenth floor and also where he is currently housed on third floor.

Plaintiff also testified that, while he was incarcerated on the tenth floor, food was served by pushing the trays under the door. This caused the trays to become contaminated with the standing water on the floor. Plaintiff acknowledged that he is no longer incarcerated on that floor and that this problem does not exist at his current location.

Plaintiff also stated that, in the eighth and tenth floor showers, there were holes in the shower floors which caused standing water.

Plaintiff next testified that, while he was incarcerated on the tenth floor, the conditions were overcrowded, he had no mattress for approximately five or six days, and he had a blanket only because he was given one by another inmate. He noted that he currently has a mattress.

Plaintiff also testified that the toilet in the recreation yard has been broken for years. As a result, inmates must use the bathroom before they go on the yard. If they need to use the restroom during their one-hour recreation period, they either must attempt to get permission to go back inside or simply wait until the recreation period is over.

Plaintiff next complained about the food at the prison. He acknowledged that inmates are given two hot meals and one cold meal each day; however, he stated that the food is unappetizing.

Lastly, plaintiff testified that these various conditions had caused him to suffer emotional stress; however, he acknowledged that they had not caused him physical injury.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his <u>Spears</u> hearing testimony,[2] the undersigned recommends that, for the following reasons, all but one of plaintiff's claims for injunctive relief be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

## II. Compensatory Damages

As relief, plaintiff primarily seeks $100,000 in compensatory damages. However, federal law expressly provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). At the <u>Spears</u> hearing, plaintiff testified that the conditions about which he is complaining resulted in emotional stress but no physical injuries. Because he suffered no physical injury, he is barred from recovering compensatory damages with respect to any of the claims asserted in this lawsuit. <u>Herman v. Holiday</u>, 238 F.3d 660, 665-66 (5th Cir. 2001). Accordingly, all claims for compensatory damages should be dismissed.

## III. Injunctive Relief

To the extent that plaintiff is also requesting some form of injunctive relief, § 1997e(e) does not bar such claims. <u>Id</u>. at 665 ("The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought

---

[2] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

to end an allegedly unconstitutional condition of confinement."). Nevertheless, all but one of plaintiff's claims for injunctive relief are still subject to dismissal for the following reasons.

The one claim that the undersigned recommends be allowed to proceed is the claim for the unsanitary conditions. Clearly, there is a point beyond which prison conditions are so filthy and unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). In the instant case, plaintiff alleges that his cell and the showers are polluted with human feces, urine, and mildew. Further, those conditions are exacerbated by the fact that the prison staff members do not clean the areas and allegedly deny plaintiff cleaning products he could use to remedy the situation himself. In light of these allegations, this claim should be allowed to proceed pending further development by the parties. See McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001) ("Not surprisingly, human waste has been considered particularly offensive so that courts have been especially cautious about condoning conditions that include an inmate's proximity to it. Given the totality of the circumstances – i.e., the three-day period and the proximity of human waste – we hold that [the inmate] alleged sufficient facts to demonstrate a sufficiently serious condition of confinement." (citations, quotation marks, and brackets omitted)).

That said, the Court notes that it is Sheriff Gusman who is the keeper of the parish jail. See La.Rev.Stat.Ann. § 15:704; Fairley v. Stalder, 294 Fed. App'x 805, 812 (5th Cir. 2008); Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851, at *2-3 (E.D. La. Oct. 4, 2006). Therefore, he is the appropriate defendant with respect to this claim for injunctive relief. Accordingly, while

this claim against Gusman should be allowed to proceed, any claims for injunctive relief against the remaining subordinate officers are redundant and should be dismissed. See Hartmann v. California Department of Corrections and Rehabilitation, No. 1:10-cv-00045, 2010 WL 2384838, at *8-9 (E.D. Cal. Apr. 28, 2010) ("This Court will not assume that any Defendant would fail to obey an injunctive order if one were lawfully issued at the conclusion of this litigation. Accordingly, it must identify which Defendant(s) are necessary to appropriately respond to an injunctive or declaratory order and recommend dismissal of any Defendant who would be unable to appropriately and completely respond to this Court's injunction or who is redundant."), adopted, 2010 WL 2384838 (E.D. Cal. June 11, 2010).

While the foregoing claim should be allowed to proceed, it is clear that all of plaintiff's remaining claims for injunctive relief must be dismissed for the following reasons.

Only two of those remaining claims, i.e. the unappetizing food and the broken toilet on the recreation yard, relate to problems plaintiff is currently experiencing. However, those claims are frivolous.

As to plaintiff's claim concerning the prison food, plaintiff testified that he receives three meals per day. The United States Fifth Circuit Court of Appeals has noted that "[e]ven on a regular, permanent basis, two meals a day may be adequate." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Moreover, while plaintiff claims that the meals are unappetizing, that is of no moment. The Constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health. See Green v. Ferrell, 801 F.2d 765, 770-71 (5th Cir. 1986). The constitutionality of prison food simply is not measured by its variety and gastronomic appeal. See,

e.g., Jones v. Diamond, 636 F.2d 1364, 1378 (5th Cir. 1981) (diet consisting "mainly of starch and carbohydrates with few vegetables and fruits," while "likely dull," is not constitutionally inadequate), overruled on other grounds, International Woodworkers of America v. Champion International Corp., 790 F.2d 1174 (5th Cir. 1986); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *9 (E.D. La. May 11, 2010); Cummings v. Gusman, Civ. Action No. 09-144, 2009 WL 1649737, at *3 n.11 (E.D. La. June 9, 2009). Considering the foregoing, plaintiff's allegations concerning the food are insufficient to state a cognizable, nonfrivolous claim.

As to plaintiff's claim that the recreation yard's toilet is broken, that does not violate the federal law. The Constitution simply does not protect inmates from "life's occasional inconveniences," such as plumbing problems. Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982); Rue, 2010 WL 1930936, at *5. Moreover, plaintiff is on the recreation yard for only one hour at a time. While prolonged denial of access to toilet facilities can obviously rise to the level of a constitutional violation, denial of immediate access for such a brief period does not.

Injunctive relief as to all of plaintiff's remaining claims is not warranted because he has been transferred to a different unit within the prison and is no longer experiencing the alleged conditions. The fact of his transfer rendered moot any request for injunctive relief as to those claims. See Herman, 238 F.3d at 665; see also Haralson v. Campuzano, 356 Fed. App'x 692, 696 (5th Cir. 2009); Rivera v. Dawson, No. 05-41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); Crumpton v. Crain, 224 Fed. App'x 444 (5th Cir. 2007); Tamfu v. Ashcroft, No. 02-10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that only plaintiff's claim against Orleans Parish Sheriff Marlin Gusman for injunctive relief for the unsanitary conditions of plaintiff's cell and the showers be allowed to proceed pending further development.

It is **FURTHER RECOMMENDED** that all of plaintiff's claims for compensatory damages and all of his remaining claims for injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-second day of February, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.