UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES ASHFORD                                                              CIVIL ACTION

VERSUS                                                                              NO. 12-87-SS

MARLIN GUSMAN

### ORDER AND REASONS

Plaintiff, James Ashford, a state pretrial detainee, filed this civil action against Orleans Parish Sheriff Marlin Gusman, Sgt. Ruiz, Officer Taylor, and Officer Connery. In this lawsuit, plaintiff challenged the conditions of his confinement within the Orleans Parish Prison system. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

On March 26, 2012, all of plaintiff's claims were dismissed except for his claim against Sheriff Gusman for injunctive relief for the unsanitary conditions of plaintiff's cell and the jail showers.[2] With respect to that remaining claim, plaintiff testified at a Spears hearing[3] that his cell was polluted with human feces, urine, and mildew as a result of daily plumbing problems which caused the toilet to overflow. He stated that prison staff members did not clean the cell. He further

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 8.

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

testified that, although the prisoners continually asked for cleaning supplies to do the work themselves, they were given such supplies very rarely, approximately only once for every thirteen requests. He stated that the same conditions and problems also existed in the showers. However, after the Spears hearing, plaintiff was transferred from the Orleans Parish Prison system, and he currently is incarcerated at the Eastern Louisiana Mental Health System Forensic Unit in Jackson, Louisiana.[4]

As noted, only the request for *injunctive relief* remains.[5] Plaintiff's recent transfer rendered moot any request for injunctive relief. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Smith v. City of Tupelo, Mississippi, 281 Fed. App'x 279, 282 (5th Cir. 2008); Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *3 (E.D. La. Mar. 8, 2010). Therefore, acting pursuant to its authority under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e(c)(1), the Court now dismisses the remaining claim on that basis.

Accordingly,

**IT IS ORDERED** that the remaining claim against Sheriff Marlin Gusman for injunctive relief for the unsanitary conditions of plaintiff's cell and the jail showers is hereby **DISMISSED WITH PREJUDICE**.

---

[4] Rec. Doc. 11.

[5] Because plaintiff suffered no physical injury, the Court dismissed the related claim for compensatory damages. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see also Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

In light of that Order, **IT IS FURTHER ORDERED** that defendant's motion for summary judgment, Rec. Doc. 14, is **DENIED AS MOOT**.

New Orleans, Louisiana, this fourth day of June, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**